**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHEILA JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-2439-G-BH |
| | ) | |
| SEARS HOLDING CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2) as time-barred.

**I. BACKGROUND**

Sheila James (Plaintiff) sues her previous employer (Defendant) for employment discrimination. (Compl. at 1.) Plaintiff asserts that she was placed in a less-desirable position with the company on January 9, 2013, and then subsequently fired due to her age and proximity to retirement. (First Magistrate Judge's Questionnaire "1st MJQ" Ans. 4; 2nd MJQ Ans. 2.)[1] She filed a charge with the Equal Employment Opportunity Commission (EEOC), asserting age discrimination. (1st MJQ Ans. 2, 3.) On March 5, 2013, she received the EEOC's *Dismissal and Notice of Rights* informing her that it was dismissing her charge and advising that she had the right to sue. The notice also advised that the lawsuit must be filed within ninety days of receipt of the dismissal letter or the right to sue on her charge would be lost. (1st MJQ Ans. 2: doc. 9 at 3). Plaintiff filed suit on June 26, 2013. (Compl. at 1). She seeks monetary relief. (1st MJQ Ans. 6).

---

[1]Plaintiff's answers to the questions in the questionnaires constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 7), her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides *sua sponte* dismissal of the complaint if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (citations omitted).

## III. TIMELINESS OF SUIT

Plaintiff asserts that Defendant discriminated against her and then fired her from her job in violation of the Age Discrimination in Employment Act of 1967 (ADEA). (1st MJQ Ans. 2, 3). The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A prerequisite to a claim under the ADEA is the filing of an administrative charge with the EEOC. 29

U.S.C. § 626(d); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act. *Martin v. Lennox Int'l Inc.*, 342 Fed. App'x 15, 18 (5th Cir. 2009) (per curiam); *Conaway*, 955 F.2d at 362. If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within ninety days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). The ninety-day limitations period is not a jurisdictional requirement, but rather, a precondition to suit that is subject to equitable tolling. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (citations omitted); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir.2002).

Equitable tolling applies only in "rare circumstances" and has typically been extended only where the plaintiff "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or where he has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Harris*, 628 F.3d at 239 (citations omitted). The Fifth Circuit has recognized three potential bases for equitably tolling the ninety-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting her claim because the defendant intentionally concealed the facts; and (3) the EEOC misleading the plaintiff about her rights. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003), *citing Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988). A plaintiff who does not file suit within ninety days bears the burden of showing a factual basis for tolling the limitations period. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

Plaintiff filed her EEOC claim asserting violations of the ADEA and received her right-to-sue letter on March 5, 2013. When she filed suit on June 26, 2013, 113 days had elapsed since she had

received her right-to-sue letter from the EEOC. Without equitable tolling, her federal complaint is untimely. Plaintiff asserts that this delay should be considered excusable neglect because: (1) she was focused on finding a new job and maintaining her standard of living; and (2) she was not aware that the weekends were included in the ninety-day time limit. (2nd MJQ Ans. 1).

Plaintiff has not alleged sufficient facts to state a plausible claim for equitable tolling. Equitable tolling is warranted where a person seeks information from the EEOC, and the EEOC provides incorrect information that leads a person to file an untimely suit. *Manning*, 332 F.3d at 881. The EEOC advised Plaintiff about the ninety-day time limit; she does not allege that it provided her with incorrect information. Plaintiff's neglect in failing to file suit within the time period and her misunderstanding of the time limit do not state a basis for equitable tolling. *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) ("ignorance of the law cannot justify [equitable] tolling). Her ADEA claims are therefore time-barred and should be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2).

**SIGNED this 28th day of February, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE